Brian E. Bisol (State Bar No. 180672)
THE BISOL FIRM, APC
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Telephone:      (949) 769-3680
Facsimile:      (949) 263-0005
E-Mail:         bbisol@bisolfirm.com

Attorneys for Plaintiff MEGAComfort, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MEGACOMFORT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IMPACTO PROTECTIVE PRODUCTS, INC., a Canadian corporation,<br><br>Defendant. | Case No.:  SACV 13-00952 JST (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed:   June 24, 2013<br>Trial Date:          September 30, 2014 |

Having considered the Stipulation for Entry of Protective Order, and good cause appearing therefor,

IT IS SO ORDERED as follows:

1.      In connection with the discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" or "Confidential-Attorney Eyes Only" under the terms of this Stipulated Protective Order ("hereinafter "Order").  Confidential information is information which has not been made public and includes but is not limited to the processes, operations, type or work, or apparatus, or the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 1 -
[Proposed] PROTECTIVE ORDER

income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the terms of agreements or other confidential business information, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," unless otherwise indicated by the producing party.

3.     A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court or Magistrate, as appropriate, in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  In the event of any dispute over the designation of information under this Order, the party making the designation shall bear the burden of proving that its designation is correct.

4.     Testimony taken at a deposition may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 2 -
[Proposed] PROTECTIVE ORDER

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," and to label such portions appropriately.

5.    Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material"), shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.    Subject to the terms of Paragraph 8, Confidential Material designated "CONFIDENTIAL," and produced pursuant to this Order, may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)    A party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)    Court reporter(s) employed in this action;

(d)    A witness at any deposition or other proceeding in this action; and,

(e)    Any other person as to whom the parties in writing agree.

7.    Subject to the terms of Paragraph 8, Confidential Material designated "CONFIDENTIAL-ATTORNEY EYES ONLY," and produced pursuant to this Order, may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(b)    Court reporter(s) employed in this action;

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 3 -
[Proposed] PROTECTIVE ORDER

(c)   A witness at any deposition or other proceeding in this action to the extent the Confidential Material designated "CONFIDENTIAL-ATTORNEY EYES ONLY," was authored by or addressed to the person testifying or such person is established as knowledgeable or such Confidential Material prior to the testimony; and,

(d)   Any other person as to whom the parties in writing agree.

8.   Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a "Nondisclosure Agreement" in the form of Attachment "A," which shall be retained by counsel for the party obtaining the Nondisclosure Agreement.

9.   Portions of depositions involving "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be taken only in the presence of qualified persons.

10.   At no time shall any person who receives or learns of Confidential Material produced in this case disclose, release or use such information in any manner other than as provided in Paragraph 5 herein; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or form disclosing its own Confidential Material as it deems appropriate.

11.   If Confidential Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," is included in any papers to be filed in Court, such papers shall be filed in accordance with Local Rule 79-5.1, which provides, in pertinent part, that if any paper to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or document (if such

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 4 -
[Proposed] PROTECTIVE ORDER

portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  Further, for motions, the parties should file a redacted version of the motion and supporting papers.  In addition, the parties acknowledge that the Magistrate has forewarned them that neither the fact that counsel have stipulated to an under seal filing not the fact that a proposed filing contains information or documents that one of the parties elected to designate as "CONFIDENTIAL" or " CONFIDENTIAL-ATTORNEY EYES ONLY" in accordance with the terms of the protective order is sufficient in itself for the Court to find that good cause exists to file the papers or portion containing the designated information or document under seal.  The parties understand that at the very least, the parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents.  Also, for declarations with exhibits, this means making the requisite showing on an exhibit by exhibit basis.

12.    This Order shall be without prejudice to the right of the parties:  (i) to bring before the Court at any time the questions of whether any particular document or information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  However, prior to bringing any matter regarding this Order to the Court, including the filing of a motion, the parties must strictly comply with the provisions of Local Rules 37-1 and 37-2 (including the joint stipulation requirement).  Further, this Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant

[Proposed] PROTECTIVE ORDER

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the Confidentiality or Non-Confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall affect the parties' ability to raise objections or oppose discovery on any appropriate ground, including without limitation, that the discovery at issue involves confidential, proprietary, and trade secret information.  The parties' stipulation to a protective order and the Court's entry of a protective order shall not constitute an entitlement to information that may be subject to the protective order. Any appropriate objection may be raised by the parties and should be evaluated and reviewed by the Court as if there were no Protective Order.

14.     This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction:  (i) to resolve any dispute concerning the use of information disclosed hereunder; and (ii) to enforce the provisions of this Order following termination of this litigation.  Upon termination of this case, counsel for the parties shall assemble and return to one another all documents, materials and deposition transcripts designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," and all copies of same, or shall certify the destruction thereof, within forty-five (45) days.

15.     Notwithstanding Paragraph 14, the attorneys of record for a party may retain indefinitely, in "secured storage" (defined below), a reasonable number of archival copies of protected information.  Such protected information may not be sued or disclosed except:  (i) as permitted by this Order, (ii) by agreement of the producing party in question, or (iii) by further order of this Court.  The archival copies may be in hard-copy, electronic, magnetic, optical-disk or other form, or any combination thereof.  By way of example and not limitation, outside counsel may maintain, e.g., a set of production documents; as set of pleadings, briefs, and similar Court papers; a set of trial exhibits; a copy of the record on appeal; a reasonable number of backup

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 6 -

[Proposed] PROTECTIVE ORDER

1   tapes containing protected information in electronic form that had been maintained on

2   law firm computer networks (i.e., counsel need not specifically purge the firms'

3   routine backup tapes of protected information as long as the backup tapes are kept in

4   secure storage); and the like.  "Secure storage" for archival copies of protected

5   information does not include storage that is routinely physically accessible from a

6   local-area network, wide-area network, of the Internet.

7       16.   In the event that a party seeks discovery from a nonparty to this action,

8   the nonparty may invoke the terms of this Order in writing to all parties to the action

9   with respect to any protected information to be provided to the requesting party by the

10   nonparty.

11       17.   The proposed protective order shall provide that "Nothing in this Order

12   shall be construed as authorizing a party to disobey a lawful subpoena issued in

13   another action."

14

15                                        /s/   Andrew J. Wistrich

16   Dated: 10/21/2013                    United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 7 -
[Proposed] PROTECTIVE ORDER

**Attachment "A"**

**<u>NONDISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order, dated _____, 2013, entered in the matter of *MEGAComfort, Inc. vs. Impacto Protective Products, Inc.,* Federal District Court for the Central District of California, Case No. SACV 13-00952-JST(AJWx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing the Protective Order.

DATED: _____          _____

                                  Title: _____

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

- 8 -
[Proposed] PROTECTIVE ORDER